IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANICE A. WILKINS )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>TRANE TECHNOLOGY, )<br> )<br>   Defendant. ) | NO. 3:24-cv-00507<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge, dated December 26, 2025 (Doc. No. 20), recommending the Court grant Defendant's motion to dismiss (Doc. No. 11). Plaintiff filed objections (Doc. No. 21), and Defendant responded to those objections (Doc. No. 22). For the reasons stated herein the Report and Recommendation will be adopted and approved and this case dismissed for failure to state a claim.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The Magistrate Judge recommended Defendant's motion to dismiss be granted because Plaintiff filed this lawsuit more than 90 days after receiving a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1) (requiring claims to be filed within 90 days of receiving a right-to-sue letter); 29 U.S.C. § 626e (same). The Magistrate Judge explained:

> [T]he EEOC issued its notice and right-to-sue on January 16, 2024. Docket No. 1-1, p. 1. Therefore, Plaintiff's filing deadline was ninety days later, April 15, 2024. This Circuit permits a presumptive five-day rule for receipt of the right-to-sue notice, permitting two days for postal delivery of a right-to-sue notice beyond the three-day period allowed by Federal Rule of Civil Procedure 6(e), thus permitting a 95-day filing deadline. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 & n.9 (6th Cir. 2000); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 & n. 1 (1984) (notice of right-to-sue is presumed received three days after it was mailed, citing Fed. R. Civ. P. 6(e).)
>
> Plaintiff acknowledged that she received her notice right-to-sue from the EEOC, but did not state when she received it. Docket No. 1, p. 5. Assuming the Sixth Circuit's 5-day rule, plaintiff's complaint was therefore due no later than Saturday, April 20, 2024. As the due date fell on a Saturday, the next succeeding business day is regarded as the date of the last day prescribed for filing the document, in this case Monday, April 22, 2024. Fed. R.Civ.P. 6. Plaintiff filed this suit on April 23, 2024. Accordingly, Plaintiff failed to file suit within 95 days of the right-to-sue notice and as a result, all of the claims asserted by Plaintiff in her Complaint are time-barred. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012), *cert. denied*, 568 U.S. 1157 (2013) (when the allegations in the complaint, as well as public records attached thereto, affirmatively show that the claim is time-barred, dismissal under Rule 12(b)(6) is appropriate.").

(Doc. No. 20 at 5-6).

Plaintiff submitted a filing on January 13, 2026, that appears to be in response to the Report and Recommendation. (Doc. No. 21). In this filing, Plaintiff reiterates the allegations in her complaint, but does not specifically refer to the Report and Recommendation at all, let alone raise any objection to the Magistrate Judge's findings or to the conclusion that this case is untimely.

Although Plaintiff states she was in the hospital at some unspecified time in 2024, she does not state that this hospitalization delayed the filing of her complaint or argue that equitable tolling should apply.[1] Even if Plaintiff's objection could be construed as raising an argument for equitable tolling, new arguments at this stage are untimely. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F. 3d 216 (table) (6th Cir. 2000) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived."). This rule is particularly applicable here because Plaintiff has been given numerous opportunities to respond to Defendant's motion to dismiss and failed to do so even though she stated in September 2025 that she was "ready to proceed with this case." (*See* Doc. Nos. 13, 16, 18 (show cause orders issued between June 27, 2025, and October 31, 2025, ordering Plaintiff to respond to defendant's motion to dismiss that was filed on May 29, 2025)).

### III. CONCLUSION

For the reasons stated above, the Report and Recommendation (Doc. No. 20) is **ADOPTED** and **APPROVED**. Accordingly, Defendant's Motion to Dismiss (Doc. No. 11) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In an earlier filing, Plaintiff states that she was discharged from the hospital in February 2024. (*See* Doc. No. 6 at PageID# 26). Another filing states that she was discharged in April 2024. (*See* Doc. No. 14 at PageID# 62). Neither filing states these hospitalizations prevented her from filing the Complaint within 90 days of receiving the right-to-sue notice.